UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:19-cv-_____

DIRECT TECHNOLOGIES
INTERNATIONAL, INC. d/b/a DTI, INC.,

    Plaintiff,

vs.

MAXUM INDEMNITY COMPANY,

    Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Direct Technologies International, Inc. d/b/a DTI, Inc. ("DTI"), for its Complaint, states as follows:

## Introduction

1. DTI brings this breach of contract and declaratory judgment action to determine its rights under certain policies of liability insurance issued by Defendant Maxum Indemnity Company ("Maxum") to DTI. Said policies afford coverage for a claim that was filed and is currently pending in the United States District Court for the Western District of North Carolina. That claim, styled *Hyundai Motor America, Inc. and Hyundai Motor Company v. Direct Technologies International, Inc. d/b/a DTI, Inc.*, Case No. 3:17-cv-732-MOC-DSC (together with its underlying circumstances, the "Underlying Action"), arises out of a dispute over the advertisement and sale of Hyundai-branded auto parts.

## Parties

2. Plaintiff DTI is a corporation organized and existing under the laws of Florida, with its principal place of business in North Miami Beach, Florida. DTI is an insured under a

- 1 -

series of commercial general liability policies issued by Maxum.  DTI is the defendant in the Underlying Action.

3. Defendant Maxum is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business in Alpharetta, Georgia.  Maxum issued a series of commercial general liability policies to DTI.

4. DTI is informed and believes and thereon alleges that Maxum conducts business in this Judicial District and within this Division.  Furthermore, Maxum, directly or indirectly, advertises, solicits, offers for sale, underwrites, and/or sells insurance policies through solicitations, including but not limited to through the use of its agents and through its website (https://www.mxmsig.com/index.aspx) to third parties within this Judicial District and this Division and throughout the United States.  To this end, Maxum's website states that "Maxum Indemnity Company is authorized as a non-admitted carrier in 50 states, the District of Columbia and the territory of Puerto Rico."

## Jurisdiction and Venue

5. This Court has personal jurisdiction over Maxum in this District because it has established minimum contacts with North Carolina and, further, each has substantial, continuous, and systematic contacts in this District and in North Carolina generally.  Maxum has purposefully availed itself of the privilege of conducting business in this District and in North Carolina generally.

6. This Court has jurisdiction over these parties and this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  To this end, there is more than $75,000, in dispute in the Underlying Action and DTI has incurred more than $75,000 in costs

and attorneys' fees in defending the Underlying Action to date. Further, the Policy Limit for Personal Advertising Injury under the policies issued by Maxum to DTI are $1,000,000.00.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Maxum is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this case or controversy (as well as the Underlying Action) occurred in this District.

**Insurance Policies**

8. Maxum issued primary policies of commercial general liability insurance to DTI, bearing the following policy numbers and effective dates (collectively, the "Policies"). DTI incorporates by reference and recites every term in said Policies as if fully set forth herein:

| Policy Number | Effective Dates | Attached Hereto As: |
|---|---|---|
| BDG 0066733-01 | 06/07/2013-06/07/2014 | Exhibit 1 |
| BDG 0066733-02 | 06/07/2014-06/07/2015 | Exhibit 2 |
| BDG 0066733-03 | 06/07/2015-06/07/2016 | Exhibit 3 |
| BDG 0066733-04 | 06/07/2016-06/07/2017 | Exhibit 4 |
| BDG 0066733-05 | 06/07/2017-06/07/2018 | Exhibit 5 |
| BDG 0066733-06 | 06/07/2018-06/07/2019 | Exhibit 6 |

9. The Policies were negotiated, issued and delivered to DTI in Florida.

10. The Policies were in force on June 7, 2013 and have remained in force at all relevant times to this action.

11. The Policies provide broad coverage, both for defense and indemnity, for damages because of "personal and advertising injury" arising out of an offense arising out of DTI's business, including the DTI's alleged use of another's advertising idea in DTI's advertisement or DTI's alleged infringing upon another's copyright, trade dress or slogan in DTI's advertisement.

- 3 -

**Factual Background**

12. DTI sells automobile parts nationwide through the use of telephone orders and its internet website among other media.

13. Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Company ("HMC") filed a complaint and the Underlying Action against DTI on December 21, 2017 in this Court, in the case captioned *Hyundai Motor America, Inc. and Hyundai Motor Company v. Direct Technologies International, Inc. d/b/a DTI, Inc.*, Case No. 3:17-cv-732-MOC-DSC. (A true and correct copy of the complaint is attached as Exhibit 7 (the "Complaint").

14. The Underlying Action arises out of a dispute over DTI's alleged advertisement and sale of Hyundai-branded auto parts. HMA and HMC asserted seven causes of action against DTI for: (1) trademark infringement; (2) false designation of origin (15 U.S.C.§ 1125(a)(1)(A)); (3) false designation of origin (15 U.S.C. § 1125(a)(1)(B)); (4) trademark dilution; (5) common law unfair competition; (6) intentional interference with contractual relations; and (7) violations of the Unfair and Deceptive Trade Practices Act.

15. The Complaint alleges that "within four years preceding the filing of this Complaint, DTI has and continues to actively and knowingly import, distribute, advertise, promote, offer for sale, and/or sell in the United States replacement automotive parts bearing the HYUNDAI MARKS, which Hyundai did not intend for sale or use in the United States, but rather were intended for sale elsewhere, and which parts contain material physical differences and/or material differences in warranty protection." Complaint, ¶ 49. Thus, the Underlying Action arises out of allegations that are alleged to have occurred on or after December 21, 2013.

16. The Policies provide coverage to DTI from June 7, 2013 through June 7, 2019.

17.     The Complaint alleges that "DTI's use … in connection with …selling, offering for sale, advertising, marketing, promoting, and packaging the Non-Genuine Hyundai Parts bearing the HYUNDAI MARKS … and trade names, trade dress, wrappers, packaging and words, terms, names, symbols…that suggest that DTI's good originated with, were manufactured by, or are sponsored by Hyundai constitute a false designation of origin and a false description and representation of DTI's business and products…"  Complaint, ¶¶ 77, 83.  The Complaint further alleges that both HMA and HMC each have an economic interest in the "trade dress" of the mark "Hyundai."  *Id.*, ¶¶ 7-9.

18.     DTI notified Maxum about the Complaint and Underlying Action and demanded that Maxum provide defense and indemnity to DTI with respect to the claims arising out of the Underlying Action.

19.     The allegations contained within the Complaint trigger the broad coverage provided by Policies, both for defense and indemnity, for damages because of "personal and advertising injury" arising out of an offense arising out of DTI's business, including the DTI's alleged use of another's advertising idea in DTI's advertisement or DTI's alleged infringing upon another's copyright, trade dress or slogan in DTI's advertisement.

20.     DTI has fully cooperated with Maxum's investigation of the Underlying Action.

21.     By letter dated September 4, 2018, Maxum informed DTI that Maxum denies that it owes DTI a duty to defend or a duty to indemnify with regard to the Complaint and the Underlying Action.  (A true and correct copy of the letter are attached as Exhibit 8.)

22.     Maxum has failed to defend or indemnify DTI as required by the Policies.

23.     To date, DTI has incurred, and will continue incurring, significant costs and attorneys' fees, far exceeding $75,000, in connection with the defense of the Underlying Action.

24. To date, DTI has incurred, and will continue incurring, significant costs and attorneys' fees in connection with the prosecution of this action against Maxum. But for Maxum's denial of coverage, DTI would not have incurred these costs and attorneys' fees in connection with the prosecution of this action against Maxum.

## Count I
### Declaratory Judgment – 28 U.S.C. § 2201, *et seq.*

25. DTI incorporates by reference and recites every preceding paragraph as if fully set forth herein.

26. Maxum issued the Policies to DTI from June 7, 2013 through June 7, 2019.

27. DTI has performed the conditions precedent under the Policies, including having provided timely notice of the Underlying Action to Maxum.

28. Maxum owes a duty to defend to DTI in connection with the Underlying Action based on the terms and conditions of the Policies, which are incorporated herein by reference, and the allegations contained in the Complaint.

29. Maxum owes a duty to indemnify DTI in connection with the Underlying Action based on the terms and conditions of the Policies, which are incorporated herein by reference, and has liability to furnish, pay and/or reimburse DTI for a judgment or settlement that may be rendered or reached by or against DTI, HMA and HMC or any other person or entity in connection with the Underlying Action.

30. The allegations in the Underlying Actions fall within the scope of the insuring agreement for the Policies, the terms of which are incorporated herein by reference. In addition, those allegations do not fall within any exclusion to coverage under the Policies or, if such

- 6 -

Case 3:19-cv-00081-MOC-DCK   Document 1   Filed 02/15/19   Page 6 of 9

allegations fall within an exclusion, satisfy an exception to such exclusion or such exclusion is ambiguous and/or unenforceable.

31. DTI is entitled to defense and indemnification in connection with the Underlying Action pursuant to the terms of the Policies.

32. The Underlying Action is not excluded from coverage by any of the exclusions contained within the Policies.

33. An actual controversy exists regarding whether Maxum must provide DTI with coverage for defense and indemnification of the Underlying Action, as Maxum has failed to provide coverage as required by the Policies. The Court is, therefore, authorized to declare the rights of the parties pursuant to The Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, as well as Rule 57 of the Federal Rules of Civil Procedure.

34. DTI seeks a declaration from the Court that DTI is entitled to coverage under the Policies issued by Maxum for defense and indemnification of the Underlying Action.

### Count II
### Breach of Contract

35. DTI incorporates by reference and recites every preceding paragraph as if fully set forth herein.

36. Maxum issued the Policies to DTI that were in force and provided coverage to DTI from June 7, 2013 through June 7, 2019.

37. DTI has performed the conditions precedent under the Policies, including having provided timely notice of the Underlying Action to Maxum.

38. Maxum is obligated to defend and indemnify DTI in the Underlying Action.

39. Maxum has failed to perform by failing to defend and indemnify DTI, which constitutes a breach of the Policies.

40. As a result of Maxum's breaches of the Policies, DTI has incurred costs and attorneys' fees associated with defending the Underlying Action.

41. As a result of Maxum's breaches of the Policies, DTI has incurred costs and attorneys' fees associated with prosecuting this action.

42. DTI has performed all conditions precedent to recover under the Policies, and DTI has not excused Maxum's non-performance.

43. As a direct and proximate result of Maxum's breaches of the Policies, DTI has been damaged in an amount to be determined at trial but exceeding $75,000.

## **Prayer for Relief**

WHEREFORE, DTI respectfully requests the following relief:

1. A declaration that Maxum has both the duty to defend and liability to DTI to furnish, pay and/or reimburse DTI's legal fees, disbursements and/or costs in connection with the Underlying Action;

2. A declaration that Maxum has the duty to indemnify and liability to furnish, pay and/or reimburse DTI for a judgment or settlement that may be rendered or reached by or against DTI, HMA and HMC or any other person or entity in connection with the Underlying Action;

3. An award of the attorneys' fees, disbursements and costs incurred by DTI to defend the Underlying Action, in an amount to be determined at trial but exceeding $75,000;

4. An award of all costs and attorneys' fees DTI incurred to prosecute this action;

5. An award of such other legal and/or equitable relief that this Court deems equitable, just and proper.

## Jury Demand

DTI hereby demands a trial by jury as to all issues so triable.

This the 15th day of February 2019.

                                    Respectfully submitted,

                                    /s/ Daniel S. Trimmer
                                    Daniel S. Trimmer
                                    N.C. Bar. No. 44858
                                    *Attorney for Plaintiff*
                                    SKUFCA LAW PLLC
                                    1514 S. Church Street, Suite 101
                                    Charlotte, North Carolina 28203
                                    Telephone: (704) 376-3030
                                    Fax: (704) 376-8522
                                    E-mail: dan@skufcalaw.com